22989. ANDERSON *v.* COLLINS & GLENNVILLE RAILROAD CO.

SUTTON, J. About midway between Collins and Glennville the track of the defendant railroad company crosses the public highway connecting these towns. The railroad company operates a gasoline motor-car over said railroad. This car approached the crossing at night, with one front light burning. It was difficult for an automobilist to tell, at this particular crossing (the highway and the track almost paralleling each other), whether it was another automobile approaching or the motor-car. The motor-car was not equipped with a bell, nor did it have any whistle or other apparatus for giving alarm, except an exhaust whistle which was

only capable of producing a feeble sound. The plaintiff was riding in an automobile driven by another person northward on said highway about eight o'clock at night. The automobile was being operated at a reasonable rate of speed, and a vigilant lookout was kept by the driver and by the plaintiff. The automobile was equipped with good and sufficient lights. The plaintiff and the operator of the automobile, mistaking the approaching motor-car for another automobile approaching them on the highway, approached the crossing, where they collided with the motor-car, and plaintiff was injured. Plaintiff sued the railroad company and the above-stated facts appear from his petition. The defendant demurred to the petition. The court sustained the demurrer and dismissed the action, and the plaintiff excepted. *Held:*

1. The plaintiff was riding in the automobile of another person, who was driving it, and any negligence of the operator of the automobile is not imputable to the plaintiff; but the allegations of the petition show as a matter of law that the proximate cause of the plaintiff's injuries was the negligence and want of ordinary care of the driver of the automobile in which he was riding, in driving it upon the crossing and colliding with the motor-car running on the railroad-track of the defendant, and the alleged acts of negligence of the defendant did not contribute to or concur with the negligence of the driver of the automobile in bringing about the plaintiff's injuries. *Brinson* v. *Davis*, 32 *Ga. App.* 37 (122 S. E. 643); *Central of Ga. Ry. Co.* v. *Adams*, 39 *Ga. App.* 577 (147 S. E. 802). The fact that the driver of the automobile and the plaintiff were misled into thinking that the approaching motor-car was another automobile approaching along the highway, by reason of the fact that the railroad-track and the highway at this point ran along for some distance almost parallel to each other, and because the light on the motor-car resembled a headlight on an automobile, would not relieve the operator of the automobile of his negligence in driving upon the crossing and colliding with the motor-car. *Tidwell* v. *A., B. & C. Railroad*, 42 *Ga. App.* 744 (157 S. E. 535).

2. It follows that the court did not err in sustaining the demurrer to the petition.

    *Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., dissents.*

           DECIDED OCTOBER 14, 1933.

*P. M. Anderson, J. L. Purcell,* for plaintiff.
*J. T. Grice,* for defendant.