25556. SHELLEY *v.* POLLARD, receiver.

DECIDED DECEMBER 3, 1936. REHEARING DENIED DECEMBER 16, 1936.

*R. L. Addleton, Leward Hightower, Charles C. Stone,* for plaintiff.

*Arnold & Battle,* for defendant.

STEPHENS, J. 1. The allegation is sufficient to authorize the inference that a railroad company was guilty of negligence in allowing a string of dark freight-cars, at 11:30 o'clock on a dark, cloudy night, while there was "a fine mist of rain," to remain standing on its track across a public highway and one of the principal highways in the county and city, inside the limits of a city of two to three thousand inhabitants, between two hundred and two hundred and fifty yards from the public square of the city, with no light, bell, or other warning sign indicating the presence of the cars across the highway, with no watchman guarding the crossing, where the cars remained standing over the crossing from twenty to thirty minutes in violation of an ordinance of the city prohibiting trains blocking the crossing for a period longer than five minutes.

2. Where a person traveling in an automobile along the public highway on a dark, cloudy night, about 11:30 o'clock, while there was "a fine mist of rain," approached a railroad crossing upon which a string of freight cars was standing, and had no knowledge of the presence of the cars on the crossing, and there were no lights, bell, gong, sign, or other device to warn the traveler or other persons approaching the crossing of the presence of the cars on the crossing, and there was no watchman guarding the crossing, and there were no signs erected at or near the crossing to warn him of the presence of the crossing, and he was not aware that he was in the immediate vicinity of the crossing, and where on account of the cars being a dark color the lights of the automobile did not reflect upon the cars, so as to warn the traveler of their presence, until he was approximately within ten or fifteen feet of them, and was therefore afforded no opportunity to apply the brakes and stop the automobile, which was running between fifteen and twenty miles an hour, before running into the cars, and where the cars were standing on the main track, remote from the station or any side-track, and there was no reason for the traveler to anticipate the presence of the cars standing on the track at the crossing, the traveler in running into the string of cars was not, as a matter of law, guilty of negligence barring a recovery and proximately causing the injuries.

3. In *Brinson* v. *Davis,* 32 *Ga. App.* 37 (122 S. E. 643), where the only condition in any way obstructing the driver's view of the cars on the crossing was an arc light which blinded him and prevented his seeing the cars on the crossing, it was held that the driver of the automobile, who was driving only ten miles an hour, and who without seeing the cars drove the automobile against them, was guilty of negligence which caused his own injury. In *Central of Georgia Railway Co.* v. *Adams,* 39 *Ga. App.* 577 (147 S. E. 802), it was held that where the night was dark, foggy, and misty, and the driver of the automobile could not see the cars on the crossing at a distance greater than about twenty feet, he was guilty of negligence barring a recovery in operating the automobile at such rate of speed that when he applied his brakes the momentum of the automobile was so great that the automobile struck the cars with great force and stopped twenty-five feet off the road and was completely wrecked. In *Tidwell* v. *Atlanta, Birmingham &*

*Coast Railroad Co.,* 42 *Ga. App.* 744 (157 S. E. 535), in which it was held that the plaintiff was barred by his own negligence, there appeared no dense fog or any condition which obscured the plaintiff's vision, the plaintiff's headlights were burning, he was not exceeding fifteen miles per hour, and was misled into thinking that the crossing was clear because the cars were loaded with sand and gave the appearance of a roadway, and that the plaintiff approached the crossing with full knowledge of its proximity and location.

4. In a suit against the railroad company by a person traveling in the automobile, to recover for personal injuries received from running into the cars of the defendant on the crossing in a public highway, the petition set out a cause of action, and the court erred in sustaining a general demurrer. See *Central of Georgia Railway Co.* v. *Heard,* 36 *Ga. App.* 332 (136 S. E. 533) ; *Mann* v. *Central of Georgia Railway Co.,* 43 *Ga. App.* 708 (160 S. E. 131) ; *Gay* v. *Smith,* 51 *Ga. App.* 615 (181 S. E. 129).

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., dissents.*