### 32232.   FULCHER *v.* ROWE *et al.*

DECIDED NOVEMBER 20, 1948.   REHEARING DENIED DECEMBER 9, 1948.

*Pierce Brothers*, for plaintiff.

*Paul T. Chance, Cohen & Cohen*, for defendants.

FELTON, J. ▮ The controlling question in this case is whether the petition as amended set out a cause of action against Andrew D. Rowe and Rosa A. Rowe. It is a well-known principle of law that, "if the separate and independent acts of negligence of

several combine naturally and directly to produce a single injury, they may be sued jointly, despite the fact that the injury might not have been sustained had only one of the acts of negligence occurred." The petition alleged that Andrew D. Rowe was negligent in that the brakes on his automobile were "insecurely fastened," and also that "the brakes were not in proper holding condition"; that Rosa A. Rowe was under a duty "to divert said car away from plaintiff, but on the contrary, she grabbed the steering wheel and drove car into petitioner."

The law is well settled that, when concurrent acts of a defendant and a third party are the proximate cause of an injury, the defendant is liable when the injury would not have occurred except for his negligence. "If the damage has resulted directly from concurrent wrongful acts or neglects of two persons, each of these acts may be counted on as the wrongful cause, and the parties held responsible, either jointly or severally, for the injury. It is well settled by the adjudged cases that when an injury is the result of the combined negligence of the defendant and the negligent or wrongful act of a third person, for whose act neither the plaintiff nor the defendant is responsible, the defendant is liable, when the injury would not have happened except for his negligence." Cooley on Torts (3rd ed.), pp. 119-123. The petition shows that Rowe parked his car on a steep decline near which were many spectators observing a boat race; it was further alleged that the brakes on said car were defective and not properly fastened. When Rowe parked in such a manner and under such circumstances, a jury was authorized to find that a duty arose on his part to exercise ordinary care in securing his car so that it would not run down hill. Under the facts alleged, a jury might find that Rowe, as a reasonable and prudent man under like circumstances, could have foreseen, when he parked his car in such a manner, that some third party by striking his car might set it in motion down hill, and could reach the conclusion that the natural and probable consequence of the negligent manner in which Rowe parked his car was a contributing proximate cause which brought about the plaintiff's injury. The question of proximate cause is a mixed question of law and fact. It is usually a question for the jury. It is only where the facts are undisputed and the inference to be drawn from them is

plain and incapable of reasonable doubt or difference of opinion that it may become a question of law for the court. It cannot, as a matter of law, be said that Andrew Rowe's negligent acts did not contribute to the plaintiff's injury.

The defendant contends that the defendant Hutchins's negligent act of striking Rowe's car, starting it down the decline, was, as a matter of law, the efficient and proximate cause of the injury. We cannot agree with this contention. "In case two or more near and preponderating negligent causes are found to have become effectuated in the same injurious result, the question as to which of the two or more negligent actors is to be held responsible is determined usually in this wise: If the two negligent acts are so related that the first would not probably have resulted in injury if the other had not occurred, and the latter amounts to such a preponderating cause that it probably would have produced the injury even if the first negligence had not occurred, or if the author of the latter negligence, with the intermediate effects of the former negligence consciously before him, is guilty of a new negligent act which preponderates in producing the injurious effect, we say that the first negligent cause is not the proximate cause, that the intervention of the latter negligence breaks the chain of causal connection so far as juridic purposes are concerned. But if two negligent causes stand so related that neither would have produced a harmful result but for the other, and both of them consist of such acts as, according to the general course of human probabilities, produce some such injurious effect as that which did in fact ensue—i. e., if both the negligent causes are material factors in producing the injury, and are closely connected with it, and one has not so intervened as to make it the preponderating cause, we say that the two negligent actors are guilty of concurring negligence; or if one of the two negligent actors is himself the complaining party, we speak of his conduct as contributory negligence. Hence, the proximate cause of an injury may not, even in juridic contemplation, be sole or single." *Atlantic Coast Line R. Co.* v. *Daniels*, 8 *Ga. App.* 775 (70 S. E. 203). The alleged negligent act of Hutchins was not, as a matter of law, the preponderating cause that would have produced the injury if Rowe's negligent acts had not been present; therefore the striking and setting in

motion of Rowe's car was not, as a matter of law, such an intervening act of negligence as to insulate Rowe's negligence. Nor can it be said as a matter of law that the negligent act of Hutchins resulted in the plaintiff's injury in the usual, ordinary, and experienced course of events. It was, therefore, clearly issuable whether or not the concurrent acts of Andrew Rowe and Hutchins were the proximate causes, or whether the separate acts of either resulted in injury to the plaintiff. The court should have left it to a jury to say what was the proximate cause of the plaintiff's injury.

The respondent further contends that the act of the defendant Rosa Rowe in steering the automobile into the plaintiff was not negligence, since such conduct occurred in an emergency, and that negligence cannot be imputed under such circumstances. We do not concur with this contention. From the allegation made in the petition, the plaintiff sets out more than negligence on the part of Rosa Rowe; it alleges a positive, intentional act of diverting the car into the plaintiff. Furthermore, we do not think that as a matter of law an emergency situation was alleged; but it was a question for a jury to determine from the facts whether or not the defendant's act was negligent, wilful, or whether justified under the emergency. *Southern Ry. Co.* v. *Crabb*, 10 *Ga. App.* 559 (73 S. E. 859); *Olliff* v. *Howard*, 33 *Ga. App.* 778 (127 S. E. 821).

It seems to us clear that the petition stated a cause of action against the defendants, Andrew and Rosa Rowe; and upon the facts pleaded it would be for a jury to say whether the negligence of one or more than one of the defendants was the proximate cause or concurring proximate causes of the injury.

■ The second headnote requires no further comment.

The court erred in sustaining the general demurrers of Andrew and Rosa Rowe.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*