34497. GEORGIA NORTHERN RAILWAY COMPANY *v.* STAINS, by next friend.

Decided April 11, 1953.

*Ford & Houston, Gibson & DeLoache, Sam J. Gardner, Jr.,* for plaintiff in error.

*R. B. Williamson, S. B. Lippitt,* contra.

SUTTON, C. J. According to the allegations of the petition, the automobile in which the plaintiff was riding was 150 feet from the crossing after it had rounded the curve on Highway 112 coming north into Bridgeboro. The road ran straight from that

point for 100 feet to another railroad crossing and then 50 feet further to the defendant's crossing. Although it is alleged that there was no automatic gate, electric bell, lights, or other signal apparatus at the defendant's crossing, it does not appear that there were no standard railroad crossing signs erected at the crossing as required by Code § 94-511, such as would give warning of the crossing and that a train might be upon it. Nor does it appear from the petition that the headlights on the plaintiff's automobile were not "capable of revealing a person, vehicle, or object at least 500 feet ahead in the darkness." Code (Ann.) § 68-316. It is alleged that the automobile was proceeding at a speed "not exceeding the limits prescribed by law," or 55 miles per hour (Code, Ann., § 68-301), and that, when the plaintiff and the driver were 40 feet from the crossing and had already crossed the tracks of the Georgia, Sylvester & Camilla Railroad, they first observed the defendant's engine or one-car train blocking the right half of the highway. At the same time, it is alleged, they were blinded by the lights of an automobile approaching the crossing from the opposite direction. The driver then applied his brakes and was able to slow the automobile to 28 miles per hour by the time it had reached the crossing and had collided with the defendant's train. While it is alleged that the old depot building obstructed the driver's view until he was 40 feet from the tracks, it is also alleged in both counts that the automobile was in full view of the engineer for at least 150 feet, as there was nothing to obstruct or interfere with the vision of the engineer. These inconsistent allegations, when construed against the pleader, must be taken to show that there was no reason why the driver of the automobile could not also have seen the defendant's train, whether stationary or moving slowly, as soon as he came around the curve and when he was still 150 feet from the crossing of the defendant railroad. The driver was able to reduce his alleged speed to 28 miles per hour in a distance of 40 feet, and so, in a distance of 150 feet, he undoubtedly could have stopped. The petition shows that the driver could have seen the defendant's train in time to stop, but did not do so. His negligence in proceeding without checking his speed until he was 40 feet from the train, while the obstruction of the highway by the train on the crossing should have

been apparent to him at a distance of 150 feet therefrom, was the proximate cause of the plaintiff's injuries. If there was any negligence alleged on the part of the defendant, it did not contribute to the plaintiff's injuries, for the petition shows that the crossing and the train itself should have been apparent to the plaintiff and the driver of the automobile in which he was riding in time to avoid striking it, irrespective of whether the train or engine was properly lighted or not lighted at all, or of whether the engineer was or was not keeping a lookout along the highway after he had begun to cross it and was upon it, or of whether warning was given in any manner. This case is controlled by the following decisions: *Brinson v. Davis*, 32 *Ga. App.* 37 (122 S. E. 643); *Carroll v. Georgia Power Co.*, 47 *Ga. App.* 518 (171 S. E. 208); *Hallman v. Powell*, 60 *Ga. App.* 339 (4 S. E. 2d, 104); *Bassett v. Callaway*, 72 *Ga. App.* 97 (33 S. E. 2d, 112).

While it is true that in some of the above-cited cases it was not alleged, as it is in the present case, that the driver of the automobile was unfamiliar with the location and presence of the railroad crossing in question, nevertheless, under the circumstances of the present case, including the alleged presence of an old depot, the lack of allegations of the absence of standard railroad-crossing signs, and the presence of another train burning its lights nearby on the tracks as well as the presence of the one-car train on the crossing, with no reason shown why it was not sufficiently illuminated and made visible by the lights of the car in which the plaintiff was riding, it cannot be said that the present case is distinguishable from those above cited. Whether or not the plaintiff or the driver of the car was familiar beforehand with the location of the crossing, the circumstances as stated above were sufficient to give warning of the presence of the crossing and the train standing on it, but the driver failed to heed these circumstances until it was too late.

Most of the cases cited and relied upon by the plaintiff, or defendant in error, are those in which atmospheric conditions of fog, murk, smoke, mist, or rain affected the driver's vision so as to prevent him from seeing a crossing already occupied by a train until it was too late to stop. See *Central of Ga. Ry. Co. v. Heard*, 36 *Ga. App.* 332 (136 S. E. 533); *Gay v. Smith*, 51 *Ga. App.* 615 (181 S. E. 129); *Southern Ry. Co. v. Lowry*, 59 *Ga.*

*App.* 109 (200 S. E. 553) ; *Shelley* v. *Pollard,* 55 *Ga. App.* 88 (189 S. E. 570) ; *Courson* v. *Atlanta, Birmingham &c. R. Co.,* 70 *Ga. App.* 318 (28 S. E. 2d, 313). In cases such as these, the driver's familiarity or lack of knowledge of the presence and location of the crossing is a determinative fact (compare *Evans* v. *Georgia Northern Ry. Co.,* 78 *Ga. App.* 709, 52 S. E. 2d, 28, with *Gay* v. *Smith,* supra) ; but where, as here, there is nothing shown which prevented the driver from seeing the crossing in time to stop if it was occupied and obstructed, whether or not the driver was familiar with the crossing is hardly material.

In *Mann* v. *Central of Ga. Ry. Co.,* 43 *Ga. App.* 708 (160 S. E. 131), the driver saw the train on a crossing as soon as it was in the clear range of his vision, but was unable to stop in the remaining distance to the train, and it was held that his petition set out a cause of action. In the present case, it does not appear that the driver of the car in which the plaintiff was riding saw the defendant's train when it was first within the range of his vision and when he was 150 feet from the crossing, nor does it appear that he would have been unable to stop the car in that distance.

The petition shows that the negligence of the plaintiff's host was the proximate cause of the plaintiff's injuries, and that the negligence of the defendant, if any, neither contributed to nor concurred with the driver's negligence in causing the injuries to the plaintiff. Nor did the allegation that an automobile was approaching from the opposite direction render the railroad company negligent. Therefore, neither count of the petition sets out a cause of action against the defendant railroad, and the court erred in overruling the general demurrers thereto.

*Judgment reversed. Felton and Worrill, JJ., concur.*