35046. HATHCOCK, by next friend, *v.* GEORGIA NORTHERN RAILWAY COMPANY *et al.*

DECIDED APRIL 22, 1954—REHEARING DENIED JULY 27, 1954.

*Burt & Burt,* for plaintiff in error.

*Asa D. Kelley, Jr., Peacock, Perry, Kelley & Walters, Gibson & DeLoache,* contra.

QUILLIAN, J. Chefa Hathcock, Jr., a minor, by and through his father, Chefa Hathcock, Sr., as next friend, sued the Georgia Northern Railway Company and its servant and agent, William T. Nichols, for damages for personal injuries allegedly sustained by the plaintiff as the result of a collision on a highway crossing in the town of Bridgeboro, between a passenger car in which he was riding as a guest passenger and a one-unit train of the defendant company operated by Nichols. The defendants filed general and special demurrers, the trial court, without passing on the special demurrers, sustained the general demurrers and dismissed the action, and the exception here is to that ruling.

So far as material to the questions raised, the petition alleged in substance that the defendant company owns and operates a line of railroad extending from Colquitt County to Dougherty County, which line passes through the incorporated town of Bridgeboro; that said railroad crosses at grade within the limits of Bridgeboro a public paved highway known as the Bridgeboro-Camilla Highway; that said highway at the point of crossing runs in a northerly and southerly direction and south of the said

crossing there is a curve to the southwest; that north of the crossing the highway is practically straight; that approximately 130 feet south of the crossing and about 20 feet east of the highway there is a deserted railroad building 49 feet long, 24 feet wide and 20 feet high which is owned by the defendant railroad; that the track of the defendant runs at an angle to the highway, approaches the crossing from a southeasterly direction and circles behind or to the east of the said deserted railroad building and passes through a wooded area to the southeast of the said building; that the said building and wooded area greatly restrict the view of the railroad track and trains thereon of persons traveling in a northerly direction along the highway; that said highway is heavily traveled by automobiles; that the petitioner was riding as a guest-passenger in the said automobile driven by one Smoak on April 1, 1952, at about 7:55 p. m.; that, with the headlights of said automobile burning, it approached the crossing from a southerly direction, and at that time the operator was operating the automobile in the exercise of ordinary care and diligence, and traveling at a rate of speed of approximately 40 miles per hour; that when the automobile was approximately 50 feet from the crossing the driver thereof saw a dark one-unit train of the defendant's approaching the crossing from the southeast at a speed of about 20 miles per hour; that at that time the headlights of another automobile approaching the crossing from the north were shining in the eyes of the said Smoak; that upon seeing the train, Smoak applied the brakes of the automobile and veered to the left and skidded approximately 30 feet, the right front of the automobile colliding with the left front of the train at about the center of the crossing; that, at the time of the collision, the visibility of persons using the highway was impaired on account of extreme darkness, fog and smoke; that the driver of the automobile, Smoak, was unfamiliar with said crossing; that the defendant provided no light on said crossing; that there was no automatic signaling device, either bells or lights to warn motorists of the approach of trains, and defendant's agent and co-defendant, Nichols, acting within the scope of his employment, failed to ring a bell on said train as it approached the crossing; that the train was of a dark color, blending with the background, and was equipped with one small sealed-beam automobile

headlight; and that the driver of the automobile, Smoak, did everything possible to extricate himself and his five passengers from the situation after discovering the presence of the train. The petition then sets forth the injuries sustained by the plaintiff as a result of the collision and alleges that the defendants were negligent per se in failing to constantly toll the bell of the locomotive in approaching the crossing inside the corporate limits of Bridgeboro, Georgia, in violation of Code § 94-507; and in failing to have installed and burning on the locomotive a sufficient headlight which consumed not less than 300 watts at the arc and with a reflector not less than 23 inches in diameter, in violation of Code § 94-505; and that the defendants were negligent in failing to place a guard on the crossing in front of the train to warn motorists of the approach thereof; in failing to blow a whistle for the purpose of giving notice that the train was approaching; negligent in failing in the latter two particulars when they had actual knowledge of the poor visibility at the time; negligent in failing to have installed on said crossing an automatically controlled electric signaling device to warn travelers upon the highway of the approach of trains by flashing red lights and by ringing a bell; and negligent in failing to remove the deserted railroad building so as to enable persons using the highway and approaching from the south and about to cross the defendant's tracks to see approaching trains.

The defendant's general demurrers to the petition attacked it on the ground that it did not set forth facts sufficient to authorize a recovery against the defendants, and because it affirmatively appeared from the petition that the plaintiff's injuries proximately resulted or were caused by the negligence of the driver of the automobile in driving along said highway in the dark at such speed that the automobile could not be stopped within the distance that objects could be seen ahead of it, and that it appeared from the petition that the plaintiff's injuries were not caused by and did not proximately result from any of the acts of negligence charged against the defendants.

It is well settled in this State that a general demurrer should not be sustained unless the defendant can admit all of the facts alleged in the petition and still escape liability. *Hobbs* v. *Citizens Bank of Wrens, 32 Ga. App.* 522 (8a) (124 S. E. 72). It is

equally true that questions of negligence, diligence and of cause and proximate cause are ordinarily questions for the jury and such questions should not be solved on demurrer except in plain, palpable and indisputable cases. *Peek* v. *Baker,* 76 *Ga. App.* 588 (1a) (46 S. E. 2d 751); *Fulcher* v. *Rowe,* 78 *Ga. App.* 254 (1) (50 S. E. 2d 378). While it is true that in cases of this nature the negligence, if any, of the driver of the automobile in which the plaintiff was riding as a guest is not imputable to him (*Ocilla Southern R. Co.* v. *McInvale,* 26 *Ga. App.* 106 (5), 109, 105 S. E. 451; *Goldstein* v. *Gee,* 76 *Ga. App.* 637 (2), 46 S. E. 2d 763), the plaintiff is not entitled to recover if the negligence of the driver of the automobile was the sole proximate cause of the plaintiff's injuries. *Espy* v. *Ash,* 42 *Ga. App.* 487 (2) (156 S. E. 474); *Brooks* v. *Carver,* 55 *Ga. App.* 362 (2) (190 S. E. 389). Where the negligence of the driver of an automobile is not the sole proximate cause of a guest's injuries, the plaintiff is not barred from a recovery even though the negligence of the driver contributes to the injuries. Of course, if the plaintiff's negligence is equal to or exceeds the negligence of the defendant the plaintiff cannot recover. However, since in the instant case it does not affirmatively appear from the petition whether the plaintiff was negligent at all, the question whether the plaintiff is barred from a recovery is not a matter to be decided on general demurrer to the petition, but would be a matter of defensive pleading and evidence.

Paraphrasing what was said in Scott *v.* Chicago &c. R. Co., 197 Fed. 2d 259, 262, it is sufficient here to say that: It was not the primary duty of the plaintiff in the circumstances disclosed by the petition in this case to keep a lookout. That was the duty of the driver who was in control of the automobile. And, quoting from Finley *v.* Lowden, 224 Iowa 999 (277 N. W. 487), the court in the Scott case said: " 'To one passingly familiar with the decisions on this subject, it is apparent that the rules applicable to a plaintiff in this situation are not the same as those which would control if the driver were himself complaining of injuries sustained.' "

An examination of the petition in the instant case in the light of the foregoing fundamental and salutary principles of law leads us to the conclusion that the petition states a cause of

action and that the trial court erred in sustaining the general demurrer' thereto and in dismissing the same. A careful examination and study of the cases cited and relied on by both parties to this case, which are but a few of the possibly hundreds of cases that have been decided in Georgia on the question of the liability of railroads for injuries to automobilists and their guests, reveals that only simple and fundamental differences exist between the decisions allowing a recovery and those denying a recovery for such injuries. As an example of some of the elements that enter into the case and tend to show the lack of the exercise of ordinary care on the part of the plaintiff or of the driver of the automobile, it may be said that if the petition reveals that the driver of the automobile knew of the presence of the railroad tracks at the place of the injury, and had such knowledge under such circumstances that he should have anticipated that a train might be on the crossing or might enter upon the crossing at the same time the automobile reached the crossing, and he failed to slacken his speed or to observe the presence of a train on or approaching the crossing where there was nothing to prevent his seeing the train that was actually on or approaching the crossing then no recovery could be had. As examples of cases of this nature see *Brinson v. Davis,* 32 *Ga. App.* 37 (122 S. E. 643) ; *Central of Ga. Ry. Co.* v. *Adams,* 39 *Ga. App.* 577 (147 S. E. 802) ; *Anderson* v. *Collins & Glennville R. Co.,* 47 *Ga. App.* 722 (171 S. E. 384) ; *Reid* v. *Southern Ry. Co.,* 52 *Ga. App.* 508 (183 S. E. 849) ; *Hallman* v. *Powell,* 60 *Ga. App.* 339 (4 S. E. 2d 104) ; *Pollard* v. *Clifton,* 62 *Ga. App.* 573 (1) (9 S. E. 2d 782). But, if the driver was unfamiliar with the location of the crossing and because of darkness, fog, smoke or other weather conditions he was prevented from seeing the crossing or the train thereon or approaching the same, or if the driver did not know of the location of the crossing at that particular place but could have been apprised of its location by the ringing of the locomotive bell or the blowing of the whistle, but which things were not done to warn the driver under the allegations of the petition, then a petition showing these facts states a cause of action and is not generally demurrable, unless under some other rule the plaintiff is barred from a recovery. As examples of cases of this nature see *Mann* v. *Central of Ga. Ry. Co.,* 43 *Ga. App.*

708 (160 S. E. 131); *Southern Ry. Co.* v. *Riley,* 57 *Ga. App.* 26 (194 S. E. 422); *Powell* v. *Jarrell,* 65 *Ga. App.* 453 (16 S. E. 2d 198); *Gay* v. *Sylvania Central Ry. Co.,* 79 *Ga. App.* 362 (53 S. E. 2d 713).

Under the allegations of fact in the petition in the instant case, as set forth in substance above, it cannot be said as a matter of law that the petition shows that the negligence of the driver of the automobile in which the plaintiff was riding (assuming that the petition shows that the driver was negligent) was the sole proximate cause of the plaintiff's injuries, and the trial court erred in sustaining the general demurrer and in dismissing the petition.

The allegations of the petition in this case, while they show that the case apparently arose from the same facts and out of the same occurrence as did the case of *Georgia Northern Ry.* v. *Stains,* 88 *Ga. App.* 6 (75 S. E. 2d 833), are substantially different from the allegations of the petition in that case and this difference in factual allegations is sufficient to require a different result here from that reached in the *Stains* case.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*