*Wm. A. Ingram,* for plaintiff in error.
*Pittman & Crowe, C. C. Pittman,* contra.

## 37908. GOWAN *v.* ANDREWS.

CARLISLE, Judge. 1. Where the trial court overrules the general demurrers and sustains certain special demurrers to the petition and allows the plaintiff time within which to amend, and where the plaintiff fails to amend within the time allowed and before a final judgment is entered on the sufficiency of the pleadings, the original order sustaining the special demurrers is not subject to exception or review. Code § 81-1001, as amended by the act approved February 15, 1952 (Ga. L. 1952, pp. 243-245). However, where such original order was not in such form that it could be excepted to at the time entered, a final judgment sustaining the general demurrer and dismissing the petition which by its terms shows that it was entered in consequence of the original order will be treated as renewing the judgment sustaining the special demurrers, and where the substance of the ruling on the special demurrers is necessarily incorporated in the ruling on the general demurrer, the error

thus incorporated in the final ruling will be subject to review. Accordingly, while the contention of the defendant in error in this case that the original order sustaining the special demurrers is not subject to exception or review is correct (*McCormick* v. *Johnson*, 213 *Ga.* 544 (1), 100 S. E. 2d 195; but see, *Jackson* v. *Jackson*, 214 *Ga.* 619, 621, 106 S. E. 2d 783), the questions decided by the original order and necessarily involved in a consideration of the final judgment dismissing the petition will be passed on by this court, and if it appears from a consideration of those questions that the original petition was not subject to general demurrer, the plaintiff's election to stand on the original petition will not foreclose his right to an adjudication by this court as to the correctness of the trial court's decision on those questions.

2. A "demurrer being a critic, must itself be free from imperfection." *Douglas, Augusta &c. Ry. Co.* v. *Swindle*, 2 *Ga. App.* 550 (59 S. E. 600). "This is particularly true of a special demurrer, as its office is to point out clearly and specifically the alleged imperfection in the pleading attacked by it. 'It must lay its finger, as it were, upon the very point.' " *Alford* v. *Davis*, 21 *Ga. App.* 820 (4a) (95 S. E. 313). Accordingly, the 3rd, 4th and 5th grounds of special demurrer which attacked paragraphs 2 and 3 of the petition as being conclusions, and paragraph 4 as being immaterial and highly prejudicial to the defendant were, under the foregoing rules of law, insufficient as special demurrers. See *Gay* v. *Healan*, 88 *Ga. App.* 533, 537 (1) (77 S. E. 2d 47). Since these paragraphs of the petition were not wholly insufficient they were not subject to general demurrer, and, accordingly, the trial court erred in entering the final order sustaining the 3rd, 4th and 5th grounds of demurrer.

3. Paragraph 6 of the demurrer attacked the allegations of paragraph 6 of the petition on the ground that the allegations were purely legal conclusions without alleging any facts upon which to base them. That this paragraph was not subject to special demurrer on that account, see *Norman* v. *Norman*, 99 *Ga. App.* 755, 759 (2) (109 S. E. 2d 900).

4. The allegations in paragraphs 10 (b) and 10 (c) of the petition that the defendant was negligent in failing to warn the plaintiff that the dog would bite and in not having the dog inoculated, if true, and if shown by the evidence to have been

the proximate cause of the plaintiff's injuries and damages, or some of them, was sufficient to authorize a recovery. Accordingly, the trial court erred in sustaining the 7th and 8th paragraphs of the demurrer attacking those allegations.

5. Unless the defendant can admit all that is alleged and still escape liability, a general demurrer to a petition should not be sustained. _Hathcock_ v. _Georgia Northern Ry. Co._, 90 _Ga. App._ 533, 535 (83 S. E. 2d 329). Questions of negligence, diligence, cause and proximate cause are ordinarily questions for a jury and should not be decided on general demurrer except in plain, palpable and indisputable cases. _Fulcher_ v. _Rowe_, 78 _Ga. App._ 254 (1) (50 S. E. 2d 378). Under the foregoing rules of law, the petition in the instant case stated a cause of action on behalf of the plaintiff and against the defendant on account of the defendant's negligence in permitting a known vicious dog to run at large resulting in the plaintiff being attacked and bitten by the dog, and the trial court erred in sustaining the general demurrers to the petition.

_Judgment reversed. Gardner, P. J., and Townsend, J., concur._

DECIDED OCTOBER 20, 1959.

_Hugh G. Head, Jr._, for plaintiff in error.
_Buchanan, Edenfield & Sizemore, Nolan B. Harmon_, contra.