40133. TERRY v. CENTRAL OF GEORGIA
RAILWAY COMPANY.

Decided July 15, 1963.

*Smith & Undercofler, Wm. E. Smith, Laurie Hargrove,* for plaintiff in error.

*R. L. LeSueur, Jr., H. A. Wilkinson,* contra.

BELL, Judge. The petition is subject to the construction that it alleges some acts of negligence combining directly to produce the plaintiff's injuries which may be attributable to the driver of the automobile in which she was riding as a guest passenger, who is not sued as a defendant in the cause, as well as being attributable separately to the railroad company which is named in the

action as the sole defendant. This situation, however, does not render the petition subject to general demurrer for the reason that "even though voluntary, intentional concert is lacking, if the separate and independent acts of negligence of several combine naturally and directly to produce a single injury, they may be sued jointly, despite the fact that the injury might not have been sustained had only one of the acts of negligence occurred." *Scearce v. Mayor &c. of Gainesville*, 33 Ga. App. 411 (3) (126 SE 883); *Atlantic C. L. R. Co. v. Strickland*, 87 Ga. App. 596, 603 (74 SE2d 897). "Nor is it necessary in such case that all of the alleged tortfeasors should be sued; for it is the rule that where several concurrent causes operate to produce an injury, there may be a recovery against all or any one of the responsible parties." *Williams v. Grier*, 196 Ga. 327, 337 (26 SE2d 698); *Wall v. Wall*, 176 Ga. 757 (1) (168 SE 893); *Finley v. Southern R. Co.*, 5 Ga. App. 722, 728 (3) (64 SE 312); *Hawkins v. Benton Rapid Exp.*, 82 Ga. App. 819, 822 (1) (62 SE2d 612); and see *Hathcock v. Georgia N. R. Co.*, 90 Ga. App. 533 (83 SE2d 329).

In addition to the allegations of negligence which may be attributable to the host driver as well as to the defendant railroad company and which several acts may be construed as combining directly to produce the plaintiff's injuries, the petition alleges other acts of negligence proximately contributing to plaintiff's injuries which must be construed as applying only to the defendant railroad. Among these are: the failure of the defendant's engineer to sound a warning of two long blasts, one short blast, and one long blast loud and distinct as required by *Code Ann.* § 94-506; by the failure of the defendant's engineer to keep and maintain a constant and vigilant lookout ahead in approaching the crossing in violation of *Code Ann.* § 94-506; and in operating defendant's train "at the rate of 50 miles per hour, which is an excessive and dangerous rate of speed across a heavily traveled crossing, such as the one involved in this collision."

Obviously, the petition here is not subject to the rule applied in *Davis v. Tanner*, 75 Ga. App. 296 (43 SE2d 165), and similar cases to the effect that, as a matter of law, the alleged acts of negligence which may be attributable to the host driver were such

as to constitute the sole proximate cause of the guest's injuries regardless of the negligence of the railroad company.

We are not concerned here with a situation where the injured plaintiff was the driver, or one where the negligence of the driver is imputable to an injured passenger. The absence of these factors is affirmatively acknowledged by the defendant in its brief. Rather, we do have here a petition which alleges acts of negligence similar to those in cases cited with approval and which are expertly discussed by our late esteemed colleague, Judge Townsend, in *Atlantic C. L. R. Co. v. Coxwell*, 93 Ga. App. 159, 161-166 (91 SE2d 135). In *Coxwell*, Judge Townsend quoted and applied the statement of Judge Jenkins found in *McGinnis v. Shaw*, 46 Ga. App. 248 (167 SE 533): "2. Where two concurrent causes operate directly in bringing about an injury, there can be a recovery against either one or both of the responsible parties. The fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself operate to define and limit the other act as constituting the proximate cause, for if both acts of negligence contributed directly and concurrently to bringing about the injury, they together constituted the proximate cause." After this quote, Judge Townsend, with the full accord of *all* of the judges of the court, wrote on page 164 of *Coxwell* the holding there to be that, "the petition in this case sets out a cause of action against both the driver of the host automobile and the railroad company, and a jury question is posed as to whether either or both was negligent, and whether if both were in fact negligent, their negligence concurred in causing the injuries sustained, the plaintiff guest himself not being guilty of such negligence as to bar recovery, and the negligence of the driver not being imputable to the plaintiff." While we have only the one defendant in this case, the host driver not having been sued, this principle of law applies to the petition here and governs our decision. Both *Coxwell* and *McGinnis*, together with the numerous other authorities dealing with the right of the plaintiff to sue and recover from only one of several tortfeasors where their separate negligence combined naturally and directly to cause plaintiff's injuries, clearly show that in such a case the plaintiff might recover from the one defendant an amount com-

mensurate with *all* of her injuries for which she is entitled to sue without diminution in the amount of her verdict because of the concurring negligence of those not sued. *Gooch v. Georgia Marble Co.*, 151 Ga. 462 (107 SE 47); *Central of Ga. R. Co. v. Macon R. &c. Co.*, 9 Ga. App. 628 (71 SE 1076).

The petition stated a cause of action as against general demurrer.

*Judgment sustaining the general demurrer and dismissing the petition reversed. Carlisle, P. J., and Hall, J., concur.*