*C. F. Richter,* for plaintiff in error.

*W. H. Duckworth,* contra.

## 18259.   CENTRAL OF GEORGIA RAILWAY COMPANY *v.* SHEPARD.

The verdict being demanded by the evidence, it was error to grant a new trial for error in the charge to the jury.

DECIDED JANUARY 14, 1928.

Damages; from Peach superior court—Judge Mathews.   May 14, 1927.

*Harris, Harris & Popper, S. M. Mathews,* for plaintiff in error.

*R. D. Feagin, J. F. Urquhart,* contra.

JENKINS, P. J.   This was a suit for damages on account of an

New Trial, 29 Cyc. p. 786, n. 87.

injury occurring in the daytime at a railroad crossing. The verdict was for the defendant, and a new trial was granted under a general order, but apparently because of certain erroneous instructions by the court to the jury. Exception is taken to the first grant of a new trial, upon the ground that, irrespective of any erroneous instruction, a verdict in favor of the defendant was demanded under the evidence.

The evidence of the plaintiff shows that he was a passenger in a Ford automobile, having no control over its movements; that the train approached the crossing, without ringing the bell or blowing the whistle, and at a speed of abouty forty miles per hour; that the plaintiff did not himself see the train until the automobile, which was approaching the crossing at a speed of about ten miles per hour, was within about ten feet of the same; that in order to avoid a collision it was necessary for the driver of the automobile to swerve it suddenly from the road into a sandbed, and as a result of this the car was overturned and the plaintiff's arm was fractured. The driver of the automobile was not sworn as a witness. The evidence for the defendant company by its operatives shows that the train approached the crossing at a speed of about twenty-five miles per hour, that the automobile approached the crossing at about the same speed, and that the law with reference to blowing the whistle was complied with. It was testified, without dispute, that the engine, the tender, and two of the cars of the freight-train had passed the crossing before the automobile swerved from the road. It was shown also, by undisputed oral and photographic evidence, that the view of an approaching train by one approaching the crossing on the highway was entirely unobstructed. It was also shown without dispute that the crossing was equipped with an automatic signal device consisting of a red light and a ringing bell, indicating the approach of a train, and that the device was properly operating at the time of the accident. It was further shown by the evidence of a disinterested eye-witness that the car in which the plaintiff was traveling swerved from the road at a distance of forty-nine feet from the crossing, and was actually overturned a distance of thirty-one feet from the crossing. There was evidence from various witnesses, to the effect that a Ford automobile traveling at a speed of ten miles per hour could have been stopped within a distance of from ten to thirty feet.

While it is true that the purport of the plaintiff's testimony is that the automobile was within an estimated distance of ten feet of the crossing at the time the train was discovered and the car was swerved from the road, every fact sworn to and every proved circumstance appearing in the case conclusively indicates that such estimate could not have been correct, but that the proximate cause of the injury was the unnecessary, and, under the circumstances, unjustified swerving of the car from the road. Accordingly, the evidence could not have justified a verdict in favor of the plaintiff; and, despite any error in the charge, the verdict should have been allowed to stand.

*Judgment reversed.  Stephens and Bell, JJ., concur.*