20161. FRASER *v.* HUNTER.

DECIDED DECEMBER 12, 1930.

*Poole & Fraser,* for plaintiff.

*Harry L. Greene, McDaniel, Neely & Marshall,* for defendant.

STEPHENS, J. The petition, reduced to its substantial averments, alleges that the plaintiff, while operating an automobile along a street at three o'clock in the afternoon of March 12, 1929, collided with an automobile-truck of the defendant which had been negligently parked by the defendant in the middle of the street, at a place where the street was thirty-three feet in width, that plaintiff did not see the truck until it was too late to avoid the collision, and that as a result of the alleged negligence of the defendant in so parking his truck the plaintiff received described injuries. While it is alleged that at the time of the collision the place in the street where the defendant's truck was parked was wet and slick, and that this condition of the street was known to the defendant, it is nowhere alleged that this condition of the street caused the plaintiff's automobile to skid or to get beyond control, or in any manner contributed to the collision and the consequent injuries to the plaintiff.

The transaction complained of occurred, as alleged, at three o'clock in the afternoon. It does not appear that the truck, after it had been parked in the street, was in any manner obscured from the vision of the plaintiff or of any one approaching along the street in another automobile. Construing the petition, as must be done, most strongly against the plaintiff, it must be taken as alleging that the truck was not obscured by any hill, or curve in the road, or otherwise, from the plaintiff's view, and that it could have been seen by any one approaching when it came within the range of such person's vision, and that the truck came within such range of vision in time to enable the plaintiff to see it and to avoid

the collision. Irrespective of whether the defendant was guilty of negligence in parking his truck in the middle of the street, the plaintiff, by the exercise of ordinary care in operating her automobile, could have seen the truck parked in the street and have avoided the injuries sustained. *Holliday* v. *Alhens*, 10 *Ga. App.* 709 (4) (74 S. E. 67); *Moore* v. *Seaboard Ry. Co.*, 30 *Ga. App.* 466 (3) (118 S. E. 471); *City of Macon* v. *Newberry*, 35 *Ga. App.* 252 (132 S. E. 917). The petition failed to set out a cause of action and the general demurrer thereto was properly sustained. See Butterfield *v.* Forrester, 11 East, 60.

 *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*