35640, 35660.  ATLANTIC COAST LINE RAILROAD.
COMPANY *v.* COXWELL; and *vice versa.*

Decided December 16, 1955.

160

*Peacock, Perry, Kelley & Walters,* for plaintiff in error.

*Burt & Burt, Farkas, Landau & Davis,* contra.

TOWNSEND, J. ■ This case involves the same transactions as *Atlantic Coast Line R. Co.* v. *Marshall,* 89 *Ga. App.* 740 (81 S. E. 2d 228) and its second appearance, ante p. 134, as well as *Atlantic Coast Line R. Co.* v. *Clements,* 92 *Ga. App.* 451 (88 S. E. 2d 809). In the present case the plaintiff joined Clements, the driver, as a co-defendant, and there is here a motion to dismiss him as a defendant in error, the jury having returned a verdict in his favor. This motion is granted, no point having been raised as to the correctness of this verdict.

A dissent having developed after the filing of the motion to rehear in this case as originally written, the petition in this case as against general demurrer and the law relating thereto have been re-evaluated by both divisions of this court. Briefly, the question at issue is whether facts substantially as follows show the negligence of the driver of the host automobile to be the sole proximate cause of the guest's injuries so as to "insulate" the co-defendant railroad from liability for its own negligence, or whether the negligence of both so combine and concur in causing the guest's injuries that the latter may treat them as joint tortfeasors: (1) the railroad is guilty of static negligence occurring prior to and continuing until the moment of collision in that it (a) parks dark boxcars over a crossing at a time when visibility is materially impaired by darkness and fog without taking any precautions to warn motorists of the presence of such cars by light, bell or other warnings, and (b) in violation of statute, makes the approaches to such crossing unsafe by allowing an accumulation of loose gravel and pebbles which will materially lessen the traction of an automobile coming upon the train and being suddenly forced to stop, and (2) the driver of the automobile is guilty of negligence in that he is proceeding at an unsafe and unreasonable rate of speed, over the legal speed limit, on a dark and foggy night and "does not heed" (either because he failed to see it or paid no attention to it) a railroad-crossing sign which should have given him warning that he was approaching a railroad track, on which there might be a train.

We are not dealing with a situation where the plaintiff driver seeks to recover in his own behalf, or a situation where the negligence of the driver is imputable to the guest. Were it not for certain decisions hereinafter to be discussed, the way would be easy. General rules of negligence law apply to personal injury cases generally whether the vehicle involved is an automobile, a train, a streetcar or an airplane. One such rule is that questions as to diligence and negligence, including concurrent negligence, are for the jury where the minds of reasonable men might disagree as to whether or not the negligence charged is a concurring proximate cause of the injury, and "the commission by the codefendant of acts of gross negligence would not necessarily and as a matter of law constitute the sole proximate cause of the injuries." *Geor-*

*gia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (57 S. E. 2d 18) and citations. Where one tortfeasor negligently goes into a place of danger, and another tortfeasor negligently creates and maintains that place of danger, and as a result of the concurrent negligence of the two a third person is injured, the negligence of neither being imputable to him, a recovery may be had from either or both. Cf. *Williams* v. *Grier,* 196 *Ga.* 327 (26 S. E. 2d 698). "The fact that the defendant host may be charged with having contributed to the injury by reason of being guilty of gross negligence does not necessarily imply that the exercise of even slight care by the host would have avoided the injury, with the result that such gross negligence necessarily constituted the sole and proximate cause thereof. Such an allegation of gross negligence on the part of the host, whose negligence would not be imputable to the guest, would not debar a guest from a right to recover, if the injury was brought about by the joint operation of gross negligence by the host and lack of ordinary care by the other defendant, combining naturally and directly to produce the single injury, provided the plaintiff guest exercised the degree of ordinary care incumbent upon him." *Longino* v. *Moore,* 53 *Ga. App.* 674 (187 S. E. 203). "Every case of this sort must, in the last analysis, be determined upon its own facts." *Mann* v. *Central of Georgia Ry. Co.,* 43 *Ga. App.* 708, 710 (160 S. E. 131). Questions as to diligence and negligence, including contributory negligence and what negligence constitutes the proximate cause of the injury, are peculiarly for the jury and will not be solved on demurrer, except where such questions appear palpably clear, plain and indisputable. *Harris* v. *City of Rome,* 59 *Ga. App.* 279 (200 S. E. 337). Accordingly, as hereinbefore stated, were it not for certain decisions which will hereinafter be discussed, the petition here which alleges negligent acts on the part of the host driver and which alleges negligence on the part of the defendant railroad company would, if supported by evidence, authorize a jury to return a verdict against either or both of such defendants.

All these laws have been applied to railroad cases where the plaintiff was a guest in an automobile involved in the collision. In *McGinnis* v. *Shaw,* 46 *Ga. App.* 248 (167 S. E. 533), which was such a case, Judge Jenkins, speaking for the court, said: "1. A joint suit was maintainable against the railway company and

the driver of the automobile in which plaintiff was riding as a guest at the time of the collision in which the injuries sued for were alleged to have been sustained. 2. Where two concurrent causes operate directly in bringing about an injury, there can be a recovery against either one or both of the responsible parties. The fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself operate to define and limit the other acts as constituting the proximate cause, for if both acts of negligence contributed directly and concurrently to bringing about the injury, they together constituted the proximate cause." The facts in that case show that both the host driver and the train were approaching the crossing; that the driver, had he looked to the left, could have seen the train entering the intersection, but that he drove into the intersection without looking and thus collided with it. Almost the same situation exists in *Central of Ga. Ry. Co.* v. *Barnett*, 35 *Ga. App.* 528 (134 S. E. 126), where the driver of the automobile admitted upon the trial that he did not look down the track to ascertain whether a train was approaching.

In contrast to, and frequently as applied in seeming conflict with, the rules of law above stated, there is a line of Court of Appeals decisions holding as a matter of law that the petition on demurrer, or the evidence on trial, discloses as a matter of law that the plaintiff guest cannot recover from the railroad because the acts of negligence of the host driver were such, as a matter of law, as to constitute the sole proximate cause of the guest's injuries regardless of the fact that the railroad company was also negligent and that the injuries would not have occurred had this negligence been lacking. There are times when such a situation exists. When it does, the negligence of the railroad is not a part of proximate cause. For example, in *Central of Georgia Ry. Co.* v. *Shepard*, 37 *Ga. App.* 643 (141 S. E. 415) the driver swerved from the road when he discovered it was blocked by a train, causing the guest's injuries, but the evidence unequivocally showed that at the speed at which he was actually traveling, he could have stopped the car before hitting the train without causing it to leave the road. Here the negligence of the driver, not that of the driver and railroad company together, was the sole proximate cause of the guest's injuries. In other cases, however,

this court has not left to the jury the decision as to whether or not there was concurring negligence combining to produce the injuries under factual situations where, on re-evaluation, this court feels that the allegations of negligence, or the evidence on the trial, are not so plain and palpable as to demand a conclusion *as a matter of law* that, as against a guest plaintiff, it should be held that the negligence of the driver constituted sole proximate cause to the exclusion of liability for all negligence to such guest on the part of the defendant or co-defendant railroad. Except for these cases, and under the general rules of law pertaining to concurrent negligence and the right to sue joint tortfeasors jointly or separately, the petition in this case sets out a cause of action against both the driver of the host automobile and the railroad company, and a jury question is posed as to whether either or both was negligent, and whether if both were in fact negligent, their negligence concurred in causing the injuries sustained, the plaintiff guest himself not being guilty of such negligence as to bar recovery, and the negligence of the driver not being imputable to the plaintiff. Accordingly, insofar as the following cases and any others of like purport constitute precedents contrary to what is here held, the same are hereby overruled: *Brinson* v. *Davis,* 32 *Ga. App.* 37 (122 S. E. 643); *Carroll* v. *Georgia Power Co.,* 47 *Ga. App.* 518 (171 S. E. 208); *Anderson* v. *Collins & Glennville R. Co.,* 47 *Ga. App.* 722 (171 S. E. 384); *Halloman* v. *Powell,* 60 *Ga. App.* 339 (4 S. E. 2d 104); *Louisville & Nashville R. Co.* v. *Patterson,* 77 *Ga. App.* 406 (49 S. E. 2d 218); *Evans* v. *Georgia Northern Ry. Co.,* 78 *Ga. App.* 709 (52 S. E. 2d 28); and *Georgia Northern Ry. Co.* v. *Stains,* 88 *Ga. App.* 6 (75 S. E. 2d 833).

Analysis of these cases, beginning with *Brinson* v. *Davis,* supra, shows from the reasoning and citations therein that they are based on *Fraser* v. *Hunter,* 42 *Ga. App.* 329 (156 S. E. 268) and similar cases where the plaintiff was the operator of the automobile, and his negligence in failing to avoid the negligence of the defendant after he became aware of it precluded recovery by such plaintiff. These cases are sound. Code § 105-603 provides as follows: "If the *plaintiff* by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed

to the injury sustained." (Italics ours.) This Code section is substantially similar to the principles of law incorporated in the avoidance doctrine and last-clear-chance doctrine, and means simply that, as to a plaintiff who is in some degree negligent himself, negligence "in the first instance" will not preclude, but will diminish recovery, while negligence in avoiding the perilous situation created by the defendant after it is or should have been plain to him while he still had an opportunity to avoid it will, as to such negligent plaintiff, render him the sole author of his misfortune and thus, as to him, will constitute the sole proximate cause of his injuries.

In *Georgia Power Co.* v. *Blum,* supra, and in *Georgia Northern Ry. Co.* v. *Hathcock,* ante p. 72, it is pointed out that the rule has been misapplied in the past so as to exclude from recovery a person such as the guest plaintiff here, where the negligence of a co-defendant precluded such driver from recovery had he been the plaintiff. This Code section and these rules of law—the avoidance doctrine and the last-clear-chance doctrine—apply only where there is a *negligent* plaintiff. There is no issue in this case that the guest plaintiff here was not in the exercise of ordinary care for her own safety. For this reason the rule of law making failure to exercise ordinary care for one's safety after the negligence of another is or should have been discovered the sole proximate cause, does not apply here. As stated in 65 C. J. S. 759, § 136: "It has been said that the doctrine [of last clear chance] is one involving nice distinctions, often of a technical nature, and the courts should be wary in extending its application. Accordingly, *the doctrine cannot be extended into the field of joint tortfeasors, as a test of whether one of them only should be held liable to the injured person by reason of having discovered his peril.*" (Italics ours.) See Bethancourt v. Bayhi (La. App.), 141 So. 111; Nyberg v. Wells (Mo. App.), 14 S. W. 2d 529; Kimbriel Produce Co. v. Mayo (Tex. Civ. App.), 180 S. W. 2d 504; Whitter v. Henry, 181 Fed. 2d 10. In 38 Am. Jur. 903, § 217, it is stated: "Whether viewed as a phase of the principle of proximate cause or as an independent principle, the doctrine of last clear chance has no function to perform on behalf of an injured person unless he was chargeable with negligence which would preclude a recovery in the absence of the doctrine." See also 92

A. L. R. 55; 119 A. L. R. 1041. As to a negligent plaintiff, failure to avoid the peril caused by the negligence of another may be the sole proximate cause of the injury. As to a non-negligent third party plaintiff this negligence may be merely a concurrent or intervening cause, "in reality only a condition on or through which a negligent act . . . operates to produce an injurious result" which does not break the line of causation. 38 Am. Jur. 723, § 67. Or such negligence may be a "supervening" cause, as illustrated in *Central of Georgia Ry. Co.* v. *Shepard*, supra. The result is the same in so far as a plaintiff automobile driver is concerned; either will bar him from recovery. It is not the same so far as a guest passenger is concerned; he is barred only from recovering for the negligence of the other defendant if the negligence of the driver is the sole proximate cause of his injuries, regardless of the provisions of the last-clear-chance doctrine. What is here held, among other things, is that the last-clear-chance doctrine cannot be applied in a case where the plaintiff is guilty of no negligence. The judgment of the trial court overruling the general demurrer is without error.

■ Special ground 4 contends that a lengthy excerpt from the charge is argumentative in favor of the plaintiff and for this reason erroneous. The charge complained of is substantially similar to that complained of in *Atlantic Coast Line R. Co.* v. *Marshall*, supra, headnote 4. Here, as there, the question is not passed upon as the case is to be re-tried, but what is there said as to the court's duty to see that the charge is fair to both sides in all cases, might well be noted in this connection.

■ It was error, as contended in special ground 2, for the court to charge: "The plaintiff contends that . . . the driver of the plaintiff's car had come up behind another automobile and, while he was in the act of passing before he had returned to his right side, his lights focused on the boxcar, which was at such a short distance away that he *was unable, by the exercise of ordinary care, to avoid the collision.*" Plaintiff's contention was that the driver was guilty of gross negligence in not heeding a railroad sign and in running upon the track and hitting the standing train, and the plaintiff did not contend that the driver was in the exercise of ordinary care. A material misstatement of the contentions of the parties is prejudicial error. *Hightower* v. *Ansley*, 126 *Ga.* 8 (6) (54 S. E. 939).

■ The excerpt from the charge complained of in special ground 6 is error for the reasons set out in *Atlantic Coast Line R. Co.* v. *Clements,* supra.

■ It was error to charge, as contended in special ground 7, that "if you find the violation of said speed laws was the only negligence of co-defendant, Clements, then plaintiff would not be entitled to recover against this co-defendant." Admitting that the violation of a speed law, in and of itself, may not constitute gross negligence (*Peavy* v. *Peavy,* 36 *Ga. App.* 202, 136 S. E. 96; *Hopkins* v. *Sipe,* 58 *Ga. App.* 511, 199 S. E. 246), the manner in which the speed law is violated may constitute gross negligence. *Hennon* v. *Hardin,* 78 *Ga. App.* 81 (50 S. E. 2d 236). The jury might easily have misconstrued this instruction as an instruction that they were not to take the speed of Clement's vehicle into consideration in determining whether or not he was guilty of such negligence.

While both the error here and that complained of in the 4th division of the opinion represent erroneous instructions which do not directly affect the complainant, the fact that they were unduly beneficial to the co-defendant, and that under the circumstances of this case it is obvious that the negligence of one or the other, or both, was the proximate cause of the plaintiff's injuries, she having been in the exercise of ordinary care for her own safety, any charge relieving the defendant driver unduly either from negligence or the required degree of negligence may, we think, be presumed to be sufficiently prejudicial to the other defendant to give him the right to complain thereof.

■ The charge complained of in special ground 8 is the same as that discussed in division 5 of the opinion in the *Marshall* case, supra, and is not error, for the reasons stated therein.

■ The evidence admitted over objection and assigned as error in special ground 9 was erroneously admitted for the reasons set forth in division 8 of the opinion in the *Marshall* case.

■ It is unnecessary to consider in detail the medical evidence objected to in special grounds 9 and 10 as to repetition by the medical witness of symptoms related to him by the plaintiff, over the objection that such testimony was hearsay. Reference is made to what is said on this subject in division 7 of the *Marshall* case.

■ Special ground 12 complains that in his opening argument to the jury counsel for the plaintiff told the jury: "I want to call to the attention of the jury the fact that counsel for the defendant Atlantic Coast Line Railroad Company is going to get up here before you and deliberately state things he knows are not true." A motion for a mistrial was made, to which counsel for the plaintiff further stated: "This case has been tried before and I am basing that on the statements made before." The court, without in any manner rebuking counsel or instructing the jury to disregard these remarks, overruled the motion. Courts should not permit counsel in the argument of one cause to refer to arguments of opposing counsel in another with a view to discrediting their sincerity. *Port Royal & Western Carolina Ry. Co.* v. *Davis*, 95 *Ga.* 292 (5) (22 S. E. 833). The statement was exceedingly improper. *Atlanta Coca-Cola Bottling Co.* v. *Childers*, 60 *Ga. App.* 868 (5 S. E. 2d 388). While, under the provisions of Code § 81-1009, where counsel is guilty of improper conduct and a motion for a mistrial is made, the court should take corrective measures, whether or not the motion should be granted is largely in his discretion, but his failure to "rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds" was error.

■ It was not error to overrule the motion for judgment notwithstanding the verdict. The testimony in the case was conflicting and did not demand a finding that the railroad was not guilty of negligence alleged in the manner set out in the petition. Whether or not, under the circumstances of this case, the failure of this defendant to warn travelers along the road of the presence of the cars standing on the dark tracks was negligence, poses a jury question.

■ In the cross-bill of exceptions error is assigned on the overruling of various motions by the plaintiff as follows: that a brief of evidence was not furnished on the date assigned; that a continuance was unlawfully granted; that another continuance was unlawfully granted and a brief of evidence was not provided on the date set in the motion for continuance, and that the appeal had not been prosecuted with due diligence, for which reasons various motions to dismiss the appeal, the motion for a new trial,

and the motion for judgment notwithstanding the verdict were made. It having been provided that movant "may amend said motion at any time before final hearing. If for any reason said motion is not heard and determined at the time and place above fixed, it is ordered that the same shall be heard and determined at such time and place in vacation as counsel may agree upon . . . if for any reason this motion is not heard and determined before the beginning of the next term of this court, then the same shall stand on the docket until heard and determined at said term or thereafter," and that the brief of evidence may be filed "at any time within 10 days after the motion is heard and determined," it is obvious that the trial court properly overruled these motions. *Wilson* v. *Van Gundy*, 83 *Ga. App.* 566 (64 S. E. 2d 292).

■ Insofar as the cross-bill of exceptions attempts to assign error on various portions of the charge of the court, it is insufficient for this purpose and these assignments are accordingly not passed upon.

The trial court erred in overruling the motion for a new trial for the reasons set out in divisions 4, 5, 6, 8 and 10 of this opinion.

*Judgment reversed on main bill of exceptions; affirmed on cross bill. Felton, C. J., Gardner, P. J., Carlisle, Quillian and Nichols, JJ., concur.*