36543. PADGETT *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

DECIDED FEBRUARY 6, 1957.

*Isaac S. Peebles, Jr.,* for plaintiff in error.

*Hull, Willingham, Towill & Norman, Robert C. Norman,* contra.

TOWNSEND, J. The petition alleges in substance that the Gordon superhighway on which the plaintiff was traveling goes over a bridge in the area in question and gradually curves downgrade and across two tracks of the defendant railroad; that the tracks are about 500 yards from the bridge; that due to the curve the boxcars on the railroad tracks, which are level with the pavement, can first be seen in the daylight at a distance of 100 yards from the crossing, but the plaintiff was proceeding at night with impaired visibility due to the presence of shadows and the "fact that the pavement was black and the boxcars were of a dark color, and both blended together," because of which facts, at that time and place, the presence of boxcars standing across the highway could not be seen until the driver was within 180 feet of them; that when he reached a point 180 feet away he immediately applied his brakes, but the new asphalt pavement was slippery and the road was downgrade and because of these facts he was unable to stop before colliding with the boxcars.

(a) It is further alleged that the defendant had, unknown to the plaintiff, parked a train with several freight cars across the second track; that the superhighway in question is one of the most heavily traveled in the State, but the defendant negligently failed to have a flagman or any kind of light, danger signal or warning indicating the train was across the highway, and that this was the proximate cause of the injuries received. It is well settled that merely blocking a public crossing is not actionable negligence, but that it may be so to block such a crossing without giving warning that it is so doing where some reason appears

which "required the railroad to provide one or more of the extraordinary precautions set forth in the petition." *Bassett* v. *Callaway,* 72 *Ga. App.* 97 (33 S. E. 2d 112) ; *Atlantic Coast Line R. Co.* v. *Coxwell,* 93 *Ga. App.* 159, 169 (91 S. E. 2d 135); *Atlantic Coast Line R. Co.* v. *Marshall,* 89 *Ga. App.* 740 (2) (81 S. E. 2d 228). The petition alleges the further facts that the new asphalt roadway is slippery and downgrade and its condition prevents the driver of an automobile from stopping within 180 feet, which facts were well known to the defendant. This court cannot take judicial notice that the new Gordon superhighway is not slippery on the basis that new asphalt is not slippery, when the petition alleges that it is slippery. The condition of the road is a matter for the jury, not this court, to decide, and the contention of the defendant in error that these alleged facts should as a matter of law be held untrue or insufficient to charge the railway company with negligence is rejected. The petition poses a jury question as to the negligence of the defendant in parking the boxcars under all the conditions recited in the petition.

(b) There appears next the question of whether the petition affirmatively shows that the plaintiff was guilty of negligent conduct (aside from any negligence in discovering the negligence of the defendant) which preponderated to cause his injuries and would thus bar him under Code § 105-603. The plaintiff shows that he was traveling about 45 miles per hour, which is below the lawful speed limit, on a new superhighway. He was unfamiliar with the road and the fact that there was a railroad crossing ahead. His lights and brakes were in good working order, despite which fact he says that because of the dark night, the shadows, the dark color of the asphalt and the boxcars which all blended together, it was impossible to see the obstacle until one approached to 180 feet of it, and that immediately upon reaching such point he did see it and did apply his brakes and would have stopped except for the slippery, downgrade condition of the road. *Savannah & Atlanta Ry. Co.* v. *Newsome,* 90 *Ga. App.* 390 (83 S. E. 2d 80), is authority both for the proposition that one is not always required to drive so that he may stop within the range of his headlights, and that the lights of an automobile may under some conditions hit an obstacle ahead such as a boxcar without

illuminating it, as is here alleged. Accordingly, it does not appear that the manner in which the plaintiff alleged he was using the highway constituted negligence sufficient to bar recovery as a matter of law.

(c) There remains the question of whether the petition affirmatively shows the plaintiff to be barred under Code § 105-603 because he failed to exercise ordinary care to avoid the consequences to himself of the plaintiff's negligence. We take the allegation of the petition that there were no warning signs placed along Gordon highway and that defendant well knew of "the absence of any warning signs or signals" to mean that there were no standard railroad crossing signs as required by Code § 94-511. Had there been, it would have been incumbent upon plaintiff to allege why he did not see them, as the reasons he gives for failing to see the dark boxcars would not apply to the white cross-arm signs. It is accordingly taken as true on demurrer that the plaintiff was driving along a new highway in a non-negligent manner; that the defendant had placed an obstacle across this highway, that in the exercise of ordinary care this obstacle was not seen at a distance greater than 180 feet because of the coloration of it with the immediate area over which the plaintiff was traveling; that in the exercise of ordinary care and after seeing it at that distance it was impossible to stop an automobile going 45 miles an hour within that distance because of the grade and character of the road. All of these elements require proof; none of them is so contrary to human probabilities as to allow this court to say as a matter of law that it is untrue. If the plaintiff could have stopped within the distance that the negligence of the defendant was or ought in the exercise of ordinary care to have been apparent to him, he cannot recover. *Central of Ga. Ry. Co.* v. *Shepard*, 37 *Ga. App.* 643 (141 S. E. 415); *Fraser* v. *Hunter*, 42 *Ga. App.* 329 (156 S. E. 268). This is ordinarily a jury question. *Reed* v. *Southern Ry Co.*, 37 *Ga. App.* 550 (4) (140 S. E. 921). No two negligence cases are identical; each must sit on its own bottom, and questions of negligence, proximate cause, and contributory negligence must in general be left for jury determination. This case falls within the general rule.

The trial court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*