36546.  CITY COUNCIL OF AUGUSTA *v.* HOOD.

DECIDED FEBRUARY 28, 1957.

*J. N. Harper, E. D. Fulcher, Fulcher, Fulcher & Hagler,* for plaintiff in error.

*Hull, Willingham, Towill & Norman, Walter A. Reiser, Jr.,* contra.

NICHOLS, J.  In considering an assignment of error on the denial of a motion for a judgment non obstante veredicto the only question presented is whether the evidence authorized the verdict; if so, the judgment was not error.

In the present case no question as to the injuries received by the plaintiff or the amount of the verdict is raised and the only questions presented are whether the plaintiff proved her case as laid as to how she received the injuries and as to the length of time the alleged defect had been in existence so as to give the defendant constructive notice of such defect.

1.  Hugh Cross, a witness for the plaintiff, testified that the condition had existed for at least a year prior to March 10, 1955,

which date was less than a month after the plaintiff received her alleged injuries. Although this witness testified that he did not know if any repairs had been made by the city it was still a jury question as to whether the defect had existed for a sufficient length of time to charge the city with notice. *City of Dalton* v. *Joyce*, 70 *Ga. App.* 557, 561 (29 S. E. 2d 112); *Duren* v. *City of Thomasville*, 92 *Ga. App.* 706, 708 (89 S. E. 2d 840).

2. In support of its contention that the plaintiff did not prove her case as laid the defendant contends that the plaintiff's testimony was contradictory and equivocal and should therefore be construed most strongly against her, and that construing her testimony most strongly against her, it shows that her injuries were caused by her own negligence in that she did not exercise ordinary care for her own safety.

This evidence, relied on by the defendant, was the testimony of the plaintiff that she knew there were apt to be holes in the street (it being shown that the street the plaintiff was crossing was not paved, but had only a paved ramp which connected the level of the unpaved street to the level of the paved street at an angle of about 40 degrees), that she was watching traffic and could not look down in front of her the entire time she was walking along, and that she could not walk right and watch traffic at the same time.

The petition and the plaintiff's evidence showed that she fell and was injured when her heel caught in a broken place in the edge of the concrete ramp referred to above.

It is well established that when a plaintiff's own testimony is self-contradictory, vague, or equivocal it is to be construed most strongly against her, and that if such testimony, when construed in this unfavorable light, shows that she is not entitled to recover a verdict in her favor will not stand. See *Clifton* v. *Dunn*, 92 *Ga. App.* 520, 522 (88 S. E. 2d 710). Therefore, in the present case it must be said that the evidence of the plaintiff disclosed that she was not watching where she stepped when she took each step while crossing the intersection, that she knew that there were *apt* to be holes in the area on which she was walking, and that if she had looked down before taking the fatal step she would have seen the defect which caused her to fall. With this

in mind the next question presented is whether this finding precluded the plaintiff from recovering.

The evidence disclosed that the plaintiff was crossing Ellis Street at the intersection of Ellis Street and Milledge Road, that she had intended to cross Milledge Road beyond this intersection where it again intersected with Ellis Street (there was an offset in Ellis Street and it therefore did not cross Milledge Road in a straight line), and that she was watching traffic on Ellis Street which she was crossing, as well as traffic on Milledge Road, the street on which she was walking and on which she had planned to cross. In *Glover* v. *City Council of Augusta*, 83 *Ga. App.* 314, 316 (63 S. E. 2d 422), it was said: "One is not bound to the same degree of care in discovering or apprehending danger in moments of stress or excitement or when the attention has been necessarily diverted as at other times," citing *City of Rome* v. *Phillips*, 37 *Ga. App.* 299 (2) (139 S. E. 828). It was also said in this same case that it is negligence which will, as a matter of law, preclude a person from recovery when a person with normal eyesight walks into a place of obvious danger and fails to see it when it is in plain view where anybody in the exercise of ordinary care would have seen it.

In the present case the plaintiff was crossing a street at an intersection and watching for traffic on the street which she was crossing as well as on the street which ran parallel to the sidewalk on which she had been walking, and although, even construing her testimony most strongly against her, she would have seen the defect which caused her to fall if she had looked at it, this court cannot say, as a matter of law, that such failure to look at it in lieu of watching traffic while crossing a street amounted to such negligence as would demand a finding that she was not exercising ordinary care for her own safety when she was allegedly injured.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*