**Mildred GILBERT,**
**Plaintiff-Appellant-Cross-Appellee,**

v.

**MAYOR AND COUNCIL OF the CITY OF ATHENS, Defendants-Appellees-Cross-Appellants.**

**No. 81–7034**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 4, 1981.

Cook, Noell, Tolley & Aldridge, J. Vincent Cook, Athens, Ga., for plaintiff-appellant-cross-appellee.

Erwin Epting, Gibson, McLeod & Blasingame, Gary B. Blasingame, M. Steven Heath, Athens, Ga., for defendants-appellees-cross-appellants.

Before HILL, FAY and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

Jurisdiction of the instant negligence action is based on diversity of citizenship. Mildred Gilbert brought suit against the Mayor and Council of the City of Athens, seeking to recover for injuries to plaintiff when she fell while walking across Wall Street in the pedestrian crosswalk which runs parallel to Clayton Street, both streets in the city of Athens, Georgia. Plaintiff was walking parallel to Clayton Street in an easterly direction on the southerly side of Clayton Street. The intersection is not a four-way crossing; rather, Wall Street deadends at the southerly side of Clayton Street. Plaintiff alleged that the defendant city was negligent because of a defect in the street at the place and time of the accident and that such unsafe condition proximately caused her fall and injuries. The case was submitted to the jury pursuant to Rule 49, Fed.R.Civ.P., Special Verdicts and Interrogatories.[1] The jury's answers to interrogatory number one established that the area where plaintiff fell was unsafe for pedestrian travel and that the unsafe condition was a proximate cause of plaintiff's injuries. However, in answering interrogatory number two, the jury found that the plaintiff, by the exercise of ordinary care for her own safety, could have avoided the unsafe condition, her fall and her injuries. Based upon Georgia's doctrine of avoidance of the consequences, Ga.Code Ann. 105–603, the district court entered judgment for the defendant. Plaintiff brings this appeal. We affirm.[2]

Plaintiff makes two arguments on appeal, first that the district court erred in refusing to instruct the jury on the theory of distraction, and second, that the form of the special verdict misstates the Georgia doctrine of avoidance of consequences. We discuss each in turn.

## DISTRICT COURT'S REFUSAL TO CHARGE JURY ON THE THEORY OF DISTRACTION

Plaintiff submitted to the district court several requests to charge relating to the theory of distraction, including the following:

I charge you that one is not bound to the same degree of care in discovering or apprehending danger when the attention has been necessarily directed watching for traffic while crossing at an intersection.

The case of *City Council of Augusta v. Hood,* 95 Ga.App. 259, 97 S.E.2d 639 (1957), was cited to support the request. In *Hood,* the plaintiff, a pedestrian, obtained a ver-

---

1. The special verdict and the jury's answers provide as follow:

    1. (a) Was Wall Street in the area of the plaintiff's fall, in a reasonably safe condition for pedestrian travel?

        ( ) Yes
        (X) No

        (b) *If your answer to (a) is no,* was that condition a proximate cause of the plaintiff's fall and resulting injuries?

        (X) Yes
        ( ) No

    2. *If you answered 1(a) no and 1(b) yes,* could the plaintiff by the exercise of ordinary care for her own safety, have avoided the unsafe condition, falling and being injured?

        (X) Yes
        ( ) No

    IF YOUR ANSWER IS YES, GO NO FURTHER— sign and return as your verdict. *If your answer is no,* continue.

3. Assuming you find both the plaintiff and the defendant proximately negligent, compare their negligence:

    Plaintiff _____%
    Defendant _____%
    Must total     100   %

    If the plaintiff's negligence *equals* or *exceeds* the defendant's, go no further; if the defendant's negligence exceeds the plaintiff's, continue.

4. What damages do you award the plaintiff?

    Medical and hospital expenses: $_____
    Pain and suffering:                  $_____

    _____
                    Foreman

We concur.

2. Since we affirm the judgment of the district court in favor of the defendant, we need not reach the issues raised by the defendant in its cross-appeal.

dict from the City of Augusta. Plaintiff fell as she was crossing a street when her heel caught in a broken place in the edge of a concrete ramp, apparently provided for pedestrians to cross the street. The defendant moved for a judgment notwithstanding the verdict on the theory that plaintiff's testimony showed that, had she looked down before taking the fatal step, she would have seen the defect. The court noted that the evidence showed that plaintiff was watching the traffic on the street she was crossing as well as the traffic on the street along which she was walking. The court denied defendant's motion for judgment notwithstanding the verdict, saying:

> [T]his court cannot say, as a matter of law, that such failure to look at it in lieu of watching traffic while crossing a street amounted to such negligence as would demand a finding that she was not exercising ordinary care for her own safety when she was allegedly injured.

97 S.E.2d at 641.

■ Assuming without deciding that Georgia law requires in an appropriate case a jury instruction to the effect that a lesser duty of care is imposed upon a plaintiff in the event of a distraction (see *Georgia Farmers' Market Authority v. Dabbs*, 150 Ga.App. 15, 256 S.E.2d 613 (1979)), we agree with the district court that such an instruction was not warranted by the evidence in this case. The record in this case reflects no evidence that there was any traffic at all in or near the crosswalk which could have distracted plaintiff or caused her concern. The plaintiff herself testified that she saw nothing, and that is why she continued through the crosswalk. She also testified that there were no other people in the crosswalk. She testified that, as she entered the crosswalk, she was concerned that a car might turn in on her and therefore that she was looking over her left shoulder. However, after being reminded that she was two-thirds of the way across the street at the time of the fall, she admitted that she had gone beyond the point at which she would have been looking for cars turning in on her. Similarly, she also admitted that

she had gone beyond the point at which she would have been looking for a light. The only remaining evidence of any distraction at the time of the fall is plaintiff's testimony that she was watching for the people walking toward her. However, she conceded that these people had not yet entered the crosswalk. We conclude as a matter of law that such evidence could not constitute a distraction. Therefore, the district court's refusal to charge the theory of distraction was not error.

## FORM OF SPECIAL VERDICT

Plaintiff argues that the form of the special verdict misstates the Georgia doctrine of avoidance of consequences. Section 105–603 of the Georgia Code Ann. provides:

> Diligence of plaintiff.—
>
> If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained.

Interrogatory No. 2 of the special verdict at issue here is couched in language almost identical to the statute. Plaintiff's challenge to the form of the special verdict has two prongs. First, plaintiff argues that the Georgia doctrine of avoidance of consequences applies only where plaintiff's own negligence is the *sole* proximate cause of plaintiff's injuries. For this proposition, plaintiff relies upon *Atlantic Coast Line Railroad Co. v. Coxwell*, 93 Ga.App. 159, 91 S.E.2d 135 (1955), which referred to such negligence on the part of a plaintiff in failing to exercise ordinary care to avoid the consequences of an unsafe condition in the following language: such negligence on the part of a plaintiff will "render him the sole author of his misfortune and thus, as to him, will constitute the sole proximate cause of his injuries." 91 S.E.2d at 142.

■ Applying this proposition, the plaintiff argues that the avoidance doctrine should not bar her recovery here, because the jury found, in answering the first inter-

rogatory of the special verdict, that the defendant's negligence *was* a proximate cause of plaintiff's injuries. If, the plaintiff argues, the defendant's negligence was a proximate cause, then the plaintiff's own negligence could not be the *sole* proximate cause. We reject plaintiff's argument. A careful reading of the *Coxwell* case belies plaintiff's contention that the avoidance doctrine applies only where plaintiff's negligence is the *sole* proximate cause. The *Coxwell* court dealt with a plaintiff who was a guest passenger in an automobile. The negligence of the driver of the automobile concurred with the negligence of the railroad to cause plaintiff's injuries. However, the situation was one in which the avoidance doctrine might have applied to bar recovery in favor of the driver as against the railroad. The court specifically held that the avoidance doctrine would not apply to prevent recovery by the guest. Thus, the court held that the same acts on the part of the driver, which would bar his recovery under the avoidance doctrine—*i. e.*, which would be *deemed* the sole proximate cause as to the driver—would *not* constitute the *sole* proximate cause as to the guest, but rather would be a concurrent cause together with the negligence of the railroad. The *Coxwell* court stated:

> As to a negligent plaintiff, failure to avoid the peril caused by the negligence of another may be the sole proximate cause of the injury. As to a non-negligent third-party plaintiff [*i. e.*, a passenger] this negligence may be merely a concurrent or intervening cause, "in reality only a condition on or through which a negligent act operates to produce an injurious result" which does not break the line of causation. [cite omitted] Or such negligence may be a "supervening" cause, as illustrated in *Central of Georgia Ry. Co. v. Shepard*, supra [37 Ga.App. 643, 141 S.E. 415]. The result is the same in so far as a plaintiff automobile driver is concerned—either will bar him from recovery. It is not the same so far as a guest passenger is concerned—he is barred only from recovering for the negligence of the other defendant if the negligence of the driver is the sole proximate cause of his injuries, regardless of the provisions of the last-clear-chance doctrine.

91 S.E.2d at 142–43. The fact that the avoidance doctrine operates even where the plaintiff's negligence is not the *sole* proximate cause is apparent from the language of the statute itself. Ga.Code Ann. § 105–603 provides in part: "If a plaintiff by ordinary care could have avoided the consequences to himself *caused by the defendant's negligence*, he is not entitled to recover." The underlined portion of the quoted statute makes it clear that the doctrine applies even where the defendant's negligence is a concurrent cause. Therefore, we conclude that this prong of the plaintiff's argument is without merit.

■ The second prong of the plaintiff's challenge to the form of the special verdict argues that interrogatory No. 2 ignores the timing factor inherent in the avoidance doctrine. Plaintiff properly points out that the avoidance doctrine is generally described as embracing a timing factor, *i. e.*, the kind of negligence on the plaintiff's part which will bar recovery is a plaintiff's negligence in failing to avoid an unsafe condition *after* the unsafe condition is or should have been apparent to plaintiff. See *Coxwell*, 91 S.E.2d at 142. However, we believe that the special verdict form adequately embraces the appropriate timing factor. The jury's answers to interrogatory No. 1 established that the street at issue was in an unsafe condition, and that the unsafe condition was a proximate cause of plaintiff's injuries. Then interrogatory No. 2, which is couched in the language of the statute itself, asked if plaintiff, by the exercise of ordinary care, could have avoided that unsafe condition. Necessarily implied in the jury's affirmative answer to interrogatory No. 2 is the fact that the plaintiff either was or should have been aware of the unsafe condition, but failed to exercise ordinary care to avoid same. We, therefore, reject the plaintiff's timing argument.

AFFIRMED.